Good morning. May it please the court. Franklin L. Ferguson Jr. on behalf of the appellant Satish Ramachandran. Truth has to matter. Facts have to matter. When you have a municipal authority, it is not a license to simply do what you want to do or be wrong and strong. The record in this case has over 7,000 pages, most of which are based on Mr. Ramachandran's exercise of the First Amendment right to petition the government for redress of his grievances. Retaliation is not a primary right. That word like crime is simply too vague to be able to be used as a harm under the Gonzalez v. California Department of Corrections standard, 739 F 3rd 1226. There's no case in California that has ever allowed a militant prosecution action to preclude a First Amendment retaliation claim. Never. And there's a reason for that. Under Gonzalez, you have to have the same actions, same group of officials, same time, same harm. Those factors are not here. Only if you were to treat retaliation as a primary right could you say that, but it can't be. The Fourth Amendment is the basis of the analysis of prosecution claim. That is a shield. It is against the citizen's ability to avoid being criminally prosecuted. Very important shield. But the First Amendment is a sword. It is a sword. It is the ability for me to complain about the powerful government officials, what they're doing to me. Without those two separate amendments, we have a very, very different world. Mr. Ramachandran has prosecuted his rights very specifically. Also, there's no privity between the Jacobs, a private party, and the government, the city of Los Altos. Specifically, in the First Amendment retaliation claim, which is the underlying case in this case, the Jacobs could not even be a defendant. They have no privity with the party of the city because they can't be held liable for a First Amendment retaliation claim. I want to go through some of the important parts I want to leave the court with today. First, this case depends upon the city, not any record you see Mr. Ramachandran has brought forward as being evidence of falsity, of exchange of fraud. The city represented that the Office of Administrative Hearings had jurisdiction over LAMC, Los Altos Municipal Code proceedings. It did not. It represented that there were, in fact, citation appeals in the file. They were not. It represented that the July 3rd, 2018 record is participating conduct. It is not. The denial of the April 7th, 2020 motion to amend was based upon a mistake of fact. District Court believed that the discovery had been obtained in January of 2019 when it had been obtained in January 2020. That's a mistake of fact and it is a definition of an abuse of discretion in that regard. April 20, 2020, the motion to amend the First Amendment complaint. The court, District Court, declared that the facts that were to be brought, including the RICO charges, were, even though from the same action, the same behavior, were distinct. Yet, four years later, the same basis of factual allegations in a malprosecution action was deemed to be similar enough to preclude the First Amendment. Counsel, I understand that there were some different actors and different conduct, perhaps, in the different suits, but isn't the purpose of claim preclusion, collateral estoppel, to put all claims that were or should have been brought together based upon similar conduct? This case is dragged on for years because it's been tried in a piecemeal fashion. Why shouldn't courts say, okay, here's your chance, put all the claims together, time's up. It's time to try to get to the bottom of this without having to go through this protracted period of amending complaints, adding parties, dropping new claims, that sort of thing. What's the abuse there? Two things. Number one, the malprosecution claim did not ripen until many years after the First Amendment retaliation claim was brought. It couldn't have been brought at that time. It's impossible. And number two, the various activities of the city, in terms of engaging in fraud, has caused the accident to drag on and drag on and drag on. You also had, if you can recall, Your Honor, the request for a stay, right, that's at 21 months from the city, was based upon the city's allegation that the Office of Administrative Hearings, the OAH matter, was pertinent. At the end, when the stay was lifted, the court said that the OAH matter was not relevant to the First Amendment retaliation claims and also that it was simply not pertinent. The fact remains, Your Honor, though, that there is no case that has ever allowed a malprosecution cause of action to preclude a First Amendment retaliation claim. And so they're very different claims. Again, under Gonzalez, you have to have the same parties. They don't. At no point in time can the Jacobs be ever deemed in privity with the city, because the Jacobs are not a government entity. They can't share that. I think also, and I forgot to say this, I'm going to reserve five minutes of my time for rebuttal. Manage your own time. Thank you. I want to move to the issue of the summary judgment matter, which was reviewed de novo. From July of 2017 to November of 2021, the city stonewalled discovery relative to equal protection. After the motion for summary judgment was granted on certain issues, the city attorney, Houston, said that they have a property-specific process. It's direct evidence of discrimination, and that, under the Mollie 878 F. 2nd 313 and Haight 812 F. 2nd 42, is grounds for a new trial. As to the motion to amend on February 11, 2020, the defendants point to the I'm sorry. I'm going to reserve the rest of my time. Thank you, counsel.  Good morning, your honors. May it please the court. Patrick Burns on behalf of the appellees, city of Los Altos, Christopher Jordan, and Kirk Ballard. Your honors, this case presents a textbook case for the application claim preclusion and the rationale behind that rule that your honor has already raised. Mr. Ramachandran filed multiple lawsuits here below in state and federal court, alleging all of the same conduct that the city and some combination of its attorneys and Mr. Ramachandran's neighbor conspired against him to violate his rights. Rather than bringing all of his claims, which were all based on the same events and the same alleged harm into one case, one lawsuit, he chose to bring them in multiple actions. And when that one action resulted in a judgment in the state court, he tried to maintain the same claims in the case below. But once a plaintiff has brought such claims, it has one indivisible right or one primary right. And once a judgment is entered, it is preclusive of other pending claims on the same primary right. That's exactly what happened here. The state court entered judgment on Mr. Ramachandran's claimed that he was deprived of constitutional rights. And once that happened and it was final, he no longer has the ability to maintain the pending claims below. The district court's order on this point is exactly right. It analyzes it perfectly. It rejects the arguments that there are multiple rights simply because they're dressed up as different causes of action, whether it was malicious prosecution or his constitutional claims. It all stems from the same harm because the primary right theory is concerned with the harm a plaintiff has endured, not whatever legal theories you dress it up as. And here, all the harm is the same. It's based on the inspection of Mr. Ramachandran's home, which he claims was unlawful, as well as the criminal prosecution of him. That entire story is the same in the pleadings in both cases. And therefore, there has to be a preclusive effect of that state court judgment. We could see why this is so problematic in a civil litigation context, just as your honor pointed out in questioning of counsel. If a plaintiff has endured harm and that harm could fit into two, three, four legal theories, the law cannot allow him to bring two, three, four different cases or you're having multiple chances at the same thing. So what the law does is it requires a plaintiff to bring all the claims into one case, dispose of them at once. And if he did have, for example, a different kind of constitutional theory, he has to bring that up in the first case. And once that's adjudicated, it's preclusive of everything. Counsel, how do you respond to counsel's argument that the city withheld discovery that the district court erred in stating when that discovery was produced or known to Mr. Ramachandran? Your honor, the first point on there was a, it appears to me to be a typo in the district court's order where the district court says that certain depositions were taken in 2019 and it meant early 2020. The district court analyzed that in terms of undue delay, but that's not dispositive of anything because the primary rationale in the district court's order, if we're discussing the denial of leave to amend, was undue prejudice. The district court noted that at that time the case was about to go to trial. He would be reopening discovery and all these new defendants. He would have this new RICO claim, which the court analyzed was different. And it's worth pointing out that the court allowed him to allege all the facts he wanted to allege. He actually got to add one of the parties in this case, Christopher Jordan. So that was something the district court allowed him to do. It was really just when he tried to bring in all the city's attorneys, the district court said that is going to completely upend this case, make us do it all over again. So prejudice was really what carried the day and it didn't matter. Now in terms of his comment about from 2017 to 2021, there was stonewalling of discovery. First, that's not true and appellant hasn't cited to anything in the record to really show that. Second, it's his burden as the plaintiff to go take that up with the district court. I mean, if he thinks discovery was stonewalled by the time this summary judgment order was granted, he could have filed motions to compel. He could have asked the district court for that information. Instead, he sat back and now he wants to point to evidence that wasn't properly before the district court when it rendered all these orders. The email from the city attorney saying that there's a property specific process, that was never before the district court. That was something that came out 11 months after the fact. He didn't move in any way to try to reopen or get that in front of the district court. It's of course insignificant and doesn't matter anyway. There's nothing in that that would show any kind of equal protection violation, but it's just simply not borne out by the record that there was any kind of problem with discovery or stonewalling of discovery and that wasn't the primary rationale of the order that denied him leave to amend at any way. It was undue prejudice that would inerr to the defendants. And I'm happy to answer any other questions the court may have on the other orders in terms of the, you know, going back to the motion for judgment on the pleadings. Really, this takes care of the entire case because once the state court judgment was entered, it's preclusive of everything in the case below. That was the primary rationale of a bunch of different cases by this court including the Tekashi case, the Bokin case. The Tekashi case says the same actions by the same group of officials at the same time that resulted in the same harm will end in preclusion. Now, counsel's advanced this argument today and he's advanced it below and in this appeal that these aren't the same parties. Frankly, that is a frivolous argument. There was one additional defendant in the state court action, but the judgment that was entered is the judgment as to the parties here. Citi, Christopher Jordan, and Kirk Ballard are all the same parties and there is no authority. I'm not aware of any case where simply because the first judgment included more defendants in the overall action that somehow that would destroy its preclusive effect when you still have the same overlap of the defendants moving in the second case to dismiss the second case. Does the presence of the Jacobs make any difference? No, your honor. That's exactly what I'm trying to argue is the Jacobs had a judgment entered against them. My clients had a judgment entered against them and then my clients sought preclusion in this case. If perhaps it was the other way around and the defendant wasn't a defendant in the first case, that would be a problem, right? But here we just have more defendants in the first case and actually the record shows the Jacobs filed their own anti-slap motion and that just the trial court and the state court judgment granted it for those specific reasons. I mean, there were different claims against them, so it doesn't make a difference here and it shouldn't have any kind of effect on this case as the district court analyzed and rejected both that argument in the motion for judgment on the pleadings as well as in his rule 59 and rule 60 motions that came up again in the district court. Kept asking him for any authority where that would destroy privity between the parties and Mr. Ramachandran has never provided it. I just want to respond to a couple other things that counsel said. At one point, counsel said there is no case where malicious prosecution was preclusive of another case. I'm not sure if that's true. I'd have to go back and look if any of the cases we looked at involved malicious prosecution, but it really doesn't matter and it kind of reflects a misunderstanding of the primary rights doctrine. The actual cause of action, the actual statutory or constitutional violation you're alleging is not what matters. What matters is the overall harm you are alleging against these defendants and the redress you're seeking from the court based on the events that led to that harm. So here, whether it was malicious prosecution, Fourth Amendment violation, in the state court action he had an Unruh Act claim, which is an anti-discrimination statute in California. He had another claim that was similar. All of that doesn't matter because of this primary rights theory and for all the reasons why the law encourages the litigant to bring all of its claims at once. As far as the, I just want to go back a little bit to the property specific process email. Counsel brought that up again. As I said earlier in my presentation, that was not before the district court. He never tried to get it before the district court in proceedings except in connection with his Rule 59 or Rule 60 motion, which didn't meet the standard there. And frankly, nothing in that email would change the outcome of the Equal Protection ruling anyway. The district court's order on the Equal Protection ruling reasoned that there was no evidence of a pattern or practice of discrimination or disparate treatment and selective enforcement. The evidence that he had brought below was basically a PRA request that Mr. Ramachandran said he analyzed and put in his own declaration that there was this impact on various different housing. The district court said that that was hearsay, not credible, it was leaving things out, and she essentially rejected that. Then he brought up a couple other pieces of evidence about statements made to him by city officials, things like that, and the district court rejected that. Simply having an email from the city attorney saying that we deal with these code violations and these code enforcement issues on a property basis, which is true and doesn't indicate anything about disparate treatment, doesn't really move the needle there on that issue either. Finally, even if any of these interim orders, like the summary judgment order or the motion to leave to amend were somehow reversed, it still all then falls back in the fact that the entire case would be precluded. So really the order on the motion for judgment on the pleadings is what really resolves everything here because if the state court action precludes this one, it really precludes everything because none of those other claims are based on any kind of different facts or any kind of different alleged harm. With that, if the court has no further questions, I'm happy to submit on that. Very well, thank you. We'll hear rebuttal. Thank you, Your Honor. Your Honors, under Lozman v. Riviera Beach, 585 U.S. 87, the malicious prosecution judgment responded upon the Fourth Amendment cannot preclude the First Amendment retaliation claim. Counsel spoke about that. Let me ask you this, though. What do you have that's different factually? I'm not, I'm not, I understand your argument about your different legal theory, but what do you have different factually in this suit that you didn't have in the prior suits? In the First Amendment retaliation claims? Yeah. I mean, basically the argument is you had the same nucleus of facts for all of these claims. And my question is, is that right? And if not, tell me why. It's not right because you have a series of First Amendment retaliation claims incidents. You have, he's being, he's being retaliated against on the basis of him trying to state his rights with the City of Los Altos Municipal Code. He's making several claims. And then you have a singular incident where you have a malprosecution. We have a person trying to be prosecuted on the basis of one single act. So the malprosecution is not, it's a Fourth Amendment violation. It's not the same as the First Amendment violation. It's two different harms entirely. And that's the important part here, Your Honor. It's not that a harm of a bunch of acts against Mr. Rosado. The harm is you have a Fourth Amendment violation as opposed to a First Amendment violation. I get that. I get your argument on that. But I mean, what different facts do you have? I know you're saying there's a different harm. I get that. But look, it appears from the complaints that it's the same nucleus of facts that each theory. Is that true? Facts are the same. Yes, I agree with that, Your Honor. Thank you. But the problem with that is that the same facts can evince two different harms. And one harm is the First Amendment harm. Another harm is the Fourth Amendment harm. Two different harms. And so no matter how we dress it up, we can't, there's no case that allows you to preclude the First Amendment retaliation claims with the First, with the Fourth Amendment. Counsel, that gets back to my earlier question about the facts are the same. You pursue one theory in the state court proceeding. And now you want to do a different theory in federal court. Why not do them all at the same time? You have one consolidated case based upon the same nucleus of facts asserting two separate harms. Mr. Rosado tried to do that with a RICO claim in 2020. And the same court that allowed, that precluded it said that those claims were not the same. So the same set of facts in 2020 were not deemed to be sufficient to have amendment. But later on in 2024, they were deemed to be enough to preclude the case. Back to your point about the facts, when the First Amendment retaliation case was first brought, there was not the ability to bring a malicious prosecution claim at all. There had not been yet a actual violation of his Fourth Amendment rights. So the two separate things, he couldn't have brought them at the same time. When he tried. What was the timing on the search of the house and the claim against Mr. Ramachandran, the forms of basis for the malicious prosecution? So the malprosecution claim didn't ripen until, I want to say 2022, Your Honor, because it had been prosecuted and it was dropped. Right. But that was based upon the search of the house and the claims against Mr. Ramachandran for failing to have the proper permits, that sort of thing. Right. But Your Honor, he could not have brought a malprosecution claim at that point in time because it hadn't ripened. Because they had not actually prosecuted him and he got a favorable result in, what, your 2022? Exactly. Going back to what counsel said relative to the typographical error, that's a misstatement. The district court specifically believed or stated that she waited a year before he brought it. That's what undue prejudice. In fact, it was January 2020 that he brought the actual discovery. So it's not a typographical error in the record. What's the authority for that claim that this happened in 2020, not 2019? Do you have a citation of the record for that? Yes, Your Honor, there is. I can find it. So make sure that's right. It is stated in between. Counsel, if you could be sure you're speaking into the mic, then I can hear you better. I apologize, Your Honor. Counsel mentioned the 5960 motion. That is where the court had the ability to take into account all of the evidence of decision fraud that we brought to the court's attention. In particular, the issue of the July 3, 2018 correspondence, there's no document in all of the evidence, all the record that demonstrates that the July 3, 2018 record is actual petitioning conduct. It does not satisfy that because it was never given, it was never filed to the city. There were several PRA requests from Mr. Ramachandran that were never responded to with an actual code enforcement complaint. It never happened. The denial of the motion for sanctions, for example, that was heard in October 2024, that's a point in which the district court took three months to go over the evidence of the motion. Why bring a Rule 5960 motion? Why not bring that evidence to the court during the course of the proceeding before it's over? We had tried that several times, Your Honor, that's a very good point. Several times we tried to do that and, in fact, during the 21 months of the day, asked for several Rule 11 hearings and the district court denied those. We asked if that would be allowed. Again, with respect to the motion for summary judgment, the ability of the city attorney to say after the fact we have a property-specific process is direct evidence of picking and choosing a result. That can't be a stomach under the Constitution. Most importantly, of course, it's impossible for the Fourth Amendment claim to preclude a first. They're two separate harms by two separate actors at two separate times. Thank you for your time. Thank you, counsel. Thank both of you for your arguments this morning. The case just heard will be submitted for decision.
judges: THOMAS, GOULD, Morris